**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTEST TECHNOLOGIES, INC., | Case No.: 5:12-cv-05965-PSG |
| Plaintiff, | **ORDER DENYING SYNTEST'S ADMINISTRATIVE MOTIONS TO SEAL** |
| v. | |
| CISCO SYSTEMS, INC., | **(Re: Docket Nos. 53 and 58)** |
| Defendant. | |

Before the court are Plaintiff Syntest Technologies, Inc.'s ("Syntest") administrative motions to file documents under seal.[1]

### I. LEGAL STANDARDS

Pursuant to Local Rule 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[2] "Within 4 days of the filing of

---

[1] *See* Docket Nos. 53, 58.

[2] *Id.* In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unreadacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," Civ. L.R. 79-5(d)(1)(d).

1
Case No.: 5:12-cv-05965-PSG
ORDER DENYING SYNTEST'S ADMINISTRATIVE MOTIONS TO SEAL

the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[3]

Additionally, the party must meet the "good cause" standard of Rule 26(c) "to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[4] To show good cause, the party must make a "particularized showing"[5] that "specific prejudice or harm will result" if the information is disclosed.[6] Broad "allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[7]

## II. DISCUSSION

Syntest, the submitting party, filed two administrative motions to seal based on its belief that its papers disclose materials and information designated by Cisco as Confidential or Highly Confidential – Attorneys' Eyes Only under the protective order in this case.[8] The docket reflects Cisco's failure to file a supporting declaration as required pursuant to Civ. L.R. 79-5(d)(1)(A). On that basis, Syntest's motions are DENIED.

---

[3] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order. Because the designating party never filed a supporting declaration, the rule change is of no effect.

[4] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (internal quotation marks omitted); *see Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

[5] *Id.*

[6] Fed. R. Civ. Proc. 26(c).

[7] *Id.*

[8] *See* Docket No. 53 at 2 and Docket No. 58 at 2.

2
Case No.: 5:12-cv-05965-PSG
ORDER DENYING SYNTEST'S ADMINISTRATIVE MOTIONS TO SEAL

**IT IS SO ORDERED.**

Dated: October 17, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge